IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAUREN JAMISON, HEIR AT LAW
AND AS SPECIAL ADMINISTRATRIX OF
THE ESTATE OF WILLIAM R. JAMISON,
DECEASED; ANDREW JAMISON, HEIR
AT LAW; EILEEN JAMISON, HEIR AT LAW;
JOHN PAUL JAMISON, HEIR AT LAW;
CANDICE JAMISON, HEIR AT LAW;
SUSAN POUNDS, HEIR AT LAW; and
BECKY HOSEY, HEIR AT LAW
                                                        PLAINTIFF

VS.                          Civil Action No.  _15-4005_

RUAN TRANSPORTATION
MANAGEMENT SYSTEMS,
INC., a/k/a RUAN LOGISTICS
CORP., RUAN TRANSPORT
CORP., and RUAN, INC.                                  DEFENDANT

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Lauren Jamison, Heir at Law and as Special Administratrix of the Estate of William Randall Jamison, Deceased; Andrew Jamison, Heir at Law; Eileen Jamison, Heir at Law; John Paul Jamison, Heir at Law; Candice Jamison, Heir at Law; Susan Pounds, Heir at Law; and Becky Hosey, Heir at Law, Plaintiffs, by and through their attorneys of record, **FLINT & SOYARS, P.C.,** complaining of Defendant Ruan Transportation Management Systems, Incorporated, also known as Ruan Logistics Corporation, Ruan Transport Corporation and Ruan, Inc., and for their cause of action would respectfully show the court and jury as follows:

Plaintiff's Original Petition and Jury Demand                                    Page 1
*Lauren Jamison, Heir at Law and As Special*
*Administratrix of the Estate of William R. Jamison, Deceased, et al*
*v. Ruan Transport, et al*

## PARTIES

1.    Plaintiff Lauren Jamison, Heir at Law and as Special Administratrix of the Estate of William Randall Jamison, Deceased, is an individual and resident of Texarkana, Miller County, Arkansas.

2.    Plaintiff Andrew Jamison, Heir at Law, is an individual and resident of Texarkana, Miller County, Arkansas.

3.    Plaintiff Eileen Jamison, Heir at Law, is an individual and resident of Nashville, Howard County, Arkansas.

4.    Plaintiff John Paul Jamison, Heir at Law, is an individual and resident of Fort Smith, Sebastian County, Arkansas.

5.    Plaintiff Candice Jamison, Heir at Law, is an individual and resident of Nashville, Howard County, Arkansas.

6.    Plaintiff Susan Pounds, Heir at Law, is an individual and resident of Nashville, Howard County, Arkansas.

7.    Plaintiff Becky Hosey, Heir at Law, is an individual and resident of Nashville, Howard County, Arkansas.

8.    Defendant Ruan Transportation Management Systems, Inc., also known as Ruan Logistics Corporation, Ruan Transport Corporation and Ruan, Inc., (hereinafter collectively "Ruan") is a foreign for profit corporation doing business in Arkansas, with its principal place of business located in Des Moines, Iowa.  Defendant may be served with process through its registered agent, The Corporation Company, 124 W. Capitol

Plaintiff's Original Petition and Jury Demand                                                                    Page 2
*Lauren Jamison, Heir at Law and As Special*
*Administratrix of the Estate of William R. Jamison, Deceased, et al*
*v. Ruan Transport, et al*

Ave., Little Rock, Arkansas 72201.

### JURISDICTION AND VENUE

9.     Jurisdiction is proper in this Court as the amount in controversy exceeds $75,000.00, excluding interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants, predicated on 28 U.S.C. § 1332.

10.    Venue is proper in this Court as Plaintiffs' cause of action arose in the Western District of Arkansas, Texarkana Division.

### FACTS

11.    Early in the morning of April 25, 2013, William R. Jamison, Deceased, was lawfully operating his 1996 Toyota RAV4 light utility vehicle, was eastbound on U.S. Highway 278 near the city of Hope, Hempstead County, Arkansas.

12.    That morning, at approximately 5:04 a.m., Defendant's 2007 International tractor-trailer, operated by Thomas Carver, bearing Iowa plate number SB8389, was parked, without any lights, in the middle of Plaintiff's eastbound lane of travel on Highway 278.

13.    Carver's operation of this tractor-trailer was authorized by and within the course and scope of his employment for his employer, Defendant Ruan, who at all times relevant hereto owned the tractor-trailer.

14.    Upon information and belief, Defendant Ruan's tractor-trailer may have become disabled during his operation of the tractor-trailer.

15.    William R. Jamison, Deceased, was proceeding lawfully and with the right of way on Highway 278, approached and collided with the rear of Defendant's tractor-trailer.

Plaintiff's Original Petition and Jury Demand                             Page 3
*Lauren Jamison, Heir at Law and As Special*
*Administratrix of the Estate of William R. Jamison, Deceased, et al*
*v. Ruan Transport, et al*

16.   William R. Jamison, Deceased, had no adequate time or ability to anticipate or avoid the collision caused by Ruan, and proper and mandatory safety precautions to warn William Randall Jamison, Deceased, of Defendant's vehicle occupying William Randall Jamison, Deceased's lane of travel were not taken.

17.   The unanticipated collision caused by Ruan's negligence caused serious injuries and damages to William Randall Jamison, Deceased, which are described further herein.

## NEGLIGENCE CAUSE OF ACTION

18.   Plaintiffs re-allege and incorporates by reference paragraphs 1-17 herein.

19.   At the time of the collision, the tractor-trailer owned by Ruan, and operated by its agent or employee Carver, was operated and driven in a negligent manner, which includes, but is not limited to, the following acts of negligence:

   a.   Failure to properly warn approaching drivers of the hazard posed by its disabled tractor-trailer;

   b.   Failure to remove its tractor-trailer from the main lane of travel;

   c.   Failure to utilize hazard lights, cones, reflective triangles, flashlights and/or flares in an effort to warn approaching drivers;

   d.   Failure to keep such a proper lookout and warn approaching drivers as a commercial truck driver exercising ordinary prudence would have kept under the same or similar circumstances;

   e.   Failure to yield the right of way;

   f.   Failing to properly remove the vehicle from the active lane of travel;

Plaintiff's Original Petition and Jury Demand                                          Page 4
*Lauren Jamison, Heir at Law and As Special*
*Administratrix of the Estate of William R. Jamison, Deceased, et al*
*v. Ruan Transport, et al*

    h.  Failing to take timely or proper evasive action to avoid causing the collision in question;

    i.  Operating the tractor-trailer in violation of applicable statutory regulations.

20. Each of the above acts and omissions, taken singularly or in combination with others, constitutes negligence and was a direct and proximate cause of the injuries and damages sustained by William Randall Jamison, Deceased.

21. Ruan was further negligent in hiring, supervising and retaining Carver as a driver and allowing him to operate a commercial tractor-trailer.

22. Ruan hired, continued to employ, and entrusted tractor-trailers to Carver when it knew or should have known that Carver was deficient in his knowledge of the applicable Federal Motor Carrier Safety Regulations, and/or incompetent, and/or a reckless driver.

23. Defendant Ruan is vicariously liable for the negligence and negligence per se of Carver because the company employed Carver and Carver was operating the tractor-trailer in the course and scope of his employment when he committed his wrongful acts and/or omissions.

24. Carver had not substantially deviated from the course and scope of his employment with Defendant Ruan at the time of the collision.

25. Ruan was further negligent by failing to properly maintain the vehicle it entrusted to Carver.

26. Each of Ruan's acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately caused the collision made the basis

Plaintiff's Original Petition and Jury Demand    Page 5
*Lauren Jamison, Heir at Law and As Special*
*Administratrix of the Estate of William R. Jamison, Deceased, et al*
*v. Ruan Transport, et al*

of this Complaint and the injuries and damages sustained by William Randall Jamison, Deceased.

## DAMAGES

27.     As a direct and proximate result of Defendants' actions described herein, William Randall Jamison, Deceased, suffered serious injuries to his head, ribs, shoulders, wrist, sternum and left leg, which required immediate medical attention, and ultimately resulted in premature death.

28.     As a result of the acts and/or omissions of Defendants, Plaintiffs have suffered past, present, and/or future:  loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss off companionship and society, loss of consortium, emotional distress, and mental anguish as a result of the fatal injuries to William Randall Jamison.

29.     Plaintiffs also seek recovery on behalf of William Randall Jamison under a survival action for the conscious pain and suffering and mental anguish suffered by William Randall Jamison from the time the accident occurred until his death.

30.     William Randall Jamison, Deceased, additionally sustained a total loss of his 1996 Toyota RAV4 light utility vehicle and incurred reasonable storage fees subsequent to the collision.

## JURISDICTIONAL LIMITS

31.     By reason of the above and foregoing injuries and damages, Plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of this Court.

Plaintiff's Original Petition and Jury Demand                                                    Page 6
*Lauren Jamison, Heir at Law and As Special*
*Administratrix of the Estate of William R. Jamison, Deceased, et al*
*v. Ruan Transport, et al*

## JURY DEMAND

32.    Plaintiffs demand a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendants be cited to appear and answer herein; that they be awarded actual damages; economic and non-economic damages; prejudgment and post-judgment interest at the maximum legal rate provided by law; costs of suit; and all other relief, general and special, to which he may be justly entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

**FLINT & SOYARS, P.C.**
2821 Richmond Road
Texarkana, Texas 75503
Telephone:    (903) 334-8928
Facsimile:    (903) 334-8853
E-mail:    msoyars@bruceflint.com
bruceflint@aol.com

_____
Matthew Q. Soyars
Arkansas Bar No. 2003162
Bruce A. Flint
Arkansas Bar No. 98100

*Attorneys for Plaintiffs*

Plaintiff's Original Petition and Jury Demand                                    Page 7
*Lauren Jamison, Heir at Law and As Special*
*Administratrix of the Estate of William R. Jamison, Deceased, et al*
*v. Ruan Transport, et al*